IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00728–DGK |
| | ) | |
| PACIFIC SHORE PROPERTY | ) | |
| MANAGEMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO ALTER OR AMEND

On October 22, 2025, the Court denied Plaintiff's pro se motion for leave to proceed in forma pauperis, struck co-Plaintiff Valerie Stephen, and dismissed the case. ECF No. 12. Though the Court found Plaintiff was qualified to proceed in forma pauperis by economic status, the Court found that the case was malicious, that the Court lacked subject matter jurisdiction, and that venue was improper.

Now before the Court is Plaintiff's motion to alter or amend that order. To the extent this Court retains jurisdiction in this matter, Plaintiff's motion is DENIED.

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988). Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Nor is it appropriate to use Rule 59(e) to repeat arguments, *In re G.M. Corp. Anti-Lock*

*Brake Prods. Liab. Lit.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997), or "'relitigate old matters.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

After carefully reviewing Plaintiffs' briefing, the Court finds no manifest errors of law. The "new" elements supporting Plaintiff's motion are not newly discovered evidence but are rather evidence, theories, or arguments that were available to Plaintiff when this Court ruled on his motion. Nothing presented in the present motion entitles Plaintiff to relief under Rule 59(e).

Plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

DATE: <u>November 5, 2025</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT